132

## Associates Discount Corp. v. Nunn

*Reilly & Wood,* for plaintiff.

*Griffith, Kurtz & Harvey,* for defendants.

WINDLE, P. J., March 12, 1956.—This is a petition, upon which was granted a rule to show cause, praying that a judgment entered by confession on a bailment lease be opened and defendants be let in to present a defense of failure of consideration. It may not be granted.

Defendants, on October 6, 1953, entered into a bailment lease of an automobile with West Chester Lincoln-Mercury as lessor. On the face of the lease it appears that the amount to be paid lessor by defendants in 24 monthly installments included an advance or loan made for the purpose of paying a premium in the amount of $122 for insurance taken out on the car at the time the lease was executed. Said lease was forthwith assigned by lessor to plaintiff above named.

Shortly after said transaction and delivery of the car to defendants, to wit, on October 29, 1953, they received a letter from the insurance company whose agent had written the insurance, canceling said insurance as of November 9, 1953, and enclosing its check in the amount of $121.50, payable to the order of "William G. Nunn or N. H. Nunn & Associates," stated as being the unearned premium due as a result of said cancellation. The carbon copy of said letter in the files of the insurance company bears the notation "CC: Associates."

Defendants, on November 5, 1953, delivered said check endorsed by William G. Nunn alone to West Chester Lincoln-Mercury where it stayed without attention until sometime in December when it was handed to a representative of plaintiff. Plaintiff returned it by mail to defendant N. H. Nunn requesting that it be endorsed by him and returned to plaintiff. That was not done. No insurance was taken out on said car by the original lessor, its assignee, plaintiff here, or by defendants. On December 27, 1953, the car was in an accident and damaged to the extent of over $1,000.

Defendant made the monthly installment payments provided for in said lease until and including the month of March, 1954, but did not pay the installment due on April 6, 1954, or any installment due thereafter. The lease contained a clause authorizing the entry of judgment by confession upon default on any obligation under said lease and upon the authority thereof the judgment here sought to be opened was entered by confession on September 29, 1954, at the instance of plaintiff. Defendants contend it should be opened in order that they be permitted to defend on the ground that they were paying in their monthly installments for an insured automobile which they

did not have and that they have a counterclaim which they can assert. While it is true that petitions to open judgment by default are addressed to the trial court's sound discretion as held in a long line of cases in this State, it is equally true that unless defendants have established that they may have a defense to plaintiff's claim the judgment may not be opened. To do so would be but a futile gesture. That is the situation here.

The defense suggested is not available to defendants. They did not lease an insured automobile as counsel argued. They leased an automobile. Lessor advanced to them the amount of the insurance premium as appears itemized on the lease itself. That advance or loan was to be repaid in 24 monthly installments, along with the finance charges and the balance of the purchase price due for the car. The proceeds of the check from the insurance company for the unearned premium by proper endorsement and negotiation could have been applied to the credit of defendants under the explicit provisions of the lease in that regard. Lessor or its assignee was under no obligation, according to the lease, to see that the car was insured.* It was merely authorized to do so. It is obvious that there was here no failure of consideration and that when defendants failed to pay any part of the installment due on April 6, 1954, they com-

---

* "The motor vehicle shall be at Lessee's risk. The holder as creditor of Lessee is authorized to purchase fire, theft and such other insurance in such form and amounts as the holder and Lessee may agree; Lessee hereby assigns to the holder any moneys not in excess of the unpaid balance hereunder which may become payable under such insurance, including return of unearned premiums, and directs any insurance company to make payment direct to the holder to be applied to said unpaid balance and appoints the holder as attorney in fact to indorse any draft. Unexpired premiums received by holder resulting from cancellation of insurance, originally placed at Lessee's expense, shall be credited to any matured unpaid installments."

mitted a default on an obligation under the lease which warranted the entry of the judgment here in question.

The argument that defendants have a set-off against plaintiff's judgment sounding in plaintiff's failure to purchase insurance after alleged notice of the cancellation of that originally placed cannot be sustained. As above pointed out plaintiff was not obliged but merely authorized to purchase insurance by the terms of the lease. There is therefore no liability on them for any loss suffered defendants by reason of their having no insurance on the car in question.

Rule discharged.

Petition denied.